**SO ORDERED.**

**SIGNED this 11th day of June, 2015.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Jan Marshall Dambowsky, | ) | Case No. 13-81410 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| John J. Harvey, Jr. and Impact Point Consulting, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-09010 |
| | ) | (Lead Case) |
| Jan Marshall Dambowsky, a/k/a Jon Marshall, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| Defense Logistics Solutions, Inc., | ) | Case No. 13-81411 |
| | ) | |
| Debtor. | ) | |

1

| | |
|---|---|
| John J. Harvey, Jr. and Impact Point Consulting, Inc., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>John A. Northen, in his capacity as Trustee )<br>)<br>Defendant. )<br>) | Adversary No. 14-09047<br>(Consolidated with Lead Case) |

## MEMORANDUM OPINION AND
## ORDER DENYING MOTION TO AMEND COMPLAINT

This is a consolidated adversary proceeding, Adv. No. 14-09010 (the "Lead Adversary"), under the lead bankruptcy case of Jan Marshall Dambowsky, Case No. 13-81410. The adversary proceeding is before the Court on the Motion to Amend (Third Amended Complaint) [Doc. # 48] (the "Motion to Amend") filed on May 11, 2015, by Plaintiffs John J. Harvey, Jr. ("Harvey") and Impact Point Consulting, Inc. ("Impact Point") (together, "Plaintiffs"). The Court conducted a hearing on the Motion to Amend on June 9, 2015. At the hearing, J. Daniel Bishop represented the Plaintiffs, and Daniel C. Bruton represented the Defendant Jon Marshall Dambowsky ("Defendant" or "Debtor"). For the reasons set forth herein, the Motion to Amend is denied.

## BACKGROUND

Prior to the petition date, the Plaintiffs commenced a civil action (the "State Court Litigation") by filing a complaint (the "State Court Complaint") in the North Carolina Business Court (Union County) against Defendant and other related entities that are non-parties to this adversary proceeding, arising out of the same facts and circumstances asserted in the complaint in this case. Plaintiffs' Brief in Support of Dispositive Threshold Defenses Pursuant to

Scheduling Order, p.2 [Adv. No. 14-09010, Doc. # 21]. In the State Court Complaint, Plaintiffs asserted eleven claims for relief including "a statutory claim for embezzlement, unfair and deceptive trade practices, breach of fiduciary duty, fraud, constructive fraud, conversion, constructive trust, trust pursuit, accounting, joint venture/partnership for a particular undertaking winding up, and breach of contract." Id. at 3. The State Court Litigation was stayed with respect to the Defendant by the filing of his Chapter 7 Voluntary Petition on November 4, 2013, initiating Defendant's underlying bankruptcy case [Case No. 13-81410, Doc. # 1] (the "Petition").

This Lead Adversary was commenced on February 9, 2014, by the filing of the Plaintiffs' Complaint in this Court [Adv. No. 14-09010, Doc. # 1] (the "Complaint"), seeking a judgment excepting certain obligations from the Debtor's discharge, or, in the alternative, barring the Debtor's discharge pursuant to 11 U.S.C. § 727. On February 10, 2014, the Plaintiffs filed their first Amended Complaint [Doc. # 4] (the "First Amended Complaint"). On March 12, 2014, the Defendant filed his Motion to Dismiss the First Amended Complaint [Doc. # 7] (the "Motion to Dismiss"), alleging improper service. On March 25, 2014, the Defendant withdrew his Motion to Dismiss, and, on April 11, 2014, the Defendant filed his Answer to the Complaint [Doc. # 14] (the "Answer"). In the Answer, the Defendant asserted a counterclaim requesting that the Court liquidate the amount of any damages determined to be non-dischargeable (the "Counterclaim").

Plaintiffs also commenced a second adversary proceeding against John A. Northen in his capacity as Trustee, Adv. No. 14-09047 (the "Trustee Adversary"), by filing a Complaint on July 21, 2014 (the "Trustee Adversary Complaint") [Adv. No. 14-09047, Doc. # 1]. The Trustee timely responded to the Trustee Adversary Complaint by filing an Answer on August 14, 2014 [Ap. # 14-09047, Doc. # 5] (the "Trustee Answer"). The Lead Adversary and the Trustee

3

Adversary were consolidated under Fed. R. Civ. P. 42(a) and Fed. R. Bankr. P. 7042 by Order of Consolidation on November 24, 2014 [Adv. No. 14-09010, Doc. # 38].

On May 15, 2014, the parties in the Lead Adversary filed a Joint Scheduling Memorandum [Doc. # 17] (the "Joint Scheduling Memorandum"), providing that the last day for any party to file a motion to amend the pleadings was July 22, 2014. On May 19, 2014, the Court entered its Scheduling Order [Doc. # 18] (the "Scheduling Order"), adopting the dates to which the parties agreed in the Joint Scheduling Memorandum.

On May 5, 2014, the Plaintiffs filed their Answer to the Counterclaim ("Plaintiffs' Reply").[1] In their Reply, the Plaintiffs demanded that the Court dismiss the Counterclaim, asserting that the Court lacks subject matter jurisdiction to determine the underlying state court claims. In the alternative, Plaintiffs argued that dismissal of the Counterclaim is appropriate under the principles of permissive abstention. The parties filed briefs in connection with the issues raised in the Plaintiffs' Reply, which, pursuant to the Scheduling Order, the Court construed as a motion to dismiss the Counterclaim (the "Motion to Dismiss"). On August 28, 2014, the Court conducted a hearing on the Motion to Dismiss, and denied the Motion to Dismiss from the bench. In denying the Motion to Dismiss, the Court stated that it would hear and determine any claims that the Plaintiffs contended to be non-dischargeable as "part and parcel" of the dischargeability determination, and that it would enter final judgment on any of those claims. The Court further specifically admonished the parties at that hearing not to wait on the Court's order or memorandum opinion further explaining that ruling, but to proceed with the

---

[1] On June 26, 2014, the Plaintiffs filed their second Amended Complaint [Doc. # 22] (the "Second Amended Complaint"). On July 10, 2014, Defendant filed his Answer to the Amended Complaint [Doc. # 24] (the "Amended Answer"). The Amended Answer contained an identical counterclaim to that asserted in the Answer. The Plaintiffs did not file a duplicate reply to the counterclaim in the Amended Answer. However, the Defendant has not contended that an amended answer to the identical counterclaim was required, and this Court has considered Plaintiffs' Reply with respect to the Amended Answer.

4

litigation. On January 9, 2015, the Court entered its Memorandum Opinion setting forth the detailed bases of its prior bench ruling denying the Motion to Dismiss the Defendant's Counterclaim.

On February 5, 2015, Plaintiffs filed a Consent Motion to Modify Deadlines, seeking to modify the Scheduling Order with the consent of all parties [Doc. # 45] (the "First Motion to Modify Scheduling Order"). The Plaintiffs cited various delays in obtaining discovery as cause for the modification. In the First Motion to Modify Scheduling Order, the Plaintiffs requested that the Court extend several of the deadlines related to expert witness identification and discovery, the deadline for dispositive motions, and the deadline for final pre-trial disclosures pursuant to Fed. R. Civ. P. 26. The Plaintiffs did not request an extension of the deadline for amending the pleadings. The Court granted the First Motion to Modify Scheduling Order, extending the discovery deadline through May 6, 2015, and the dispositive motion deadline through June 5, 2015, if experts were not designated by the parties.

On May 11, 2015, after the close of discovery, the Plaintiffs filed the Motion to Amend. The Motion to Amend seeks leave for the Plaintiffs to amend their Complaint to include claims for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and treble damages, punitive damages under N.C. Gen. Stat. § 1D-15, pre-judgment interest, and attorneys' fees.

## **DISCUSSION**

Defendant contends that the Plaintiffs have not shown good cause under Fed. R. Bankr. P. 16(b) to permit an amendment to the Complaint after the deadline established by the Scheduling Order. The Court agrees. A party must satisfy the requirements of both Rule 16(b) and Rule 15 in order to obtain a modification of the deadline established in a scheduling order to amend a pleading.

> [W]here a party files a motion to amend after the date specified in the scheduling order, such party "must first demonstrate that there is 'good cause' why the court should not adhere to the dates specified in the scheduling order. If the party shows 'good cause' to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Federal Rule of Civil Procedure [15].

In re Troxler, 2008 WL 817077, *1, Bankr. Case No. 07-10319C-13G, Adv. Pro. No. 07-2043 (Bankr. M.D.N.C. March 26, 2008) (citing, inter alia, Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). See also Halpern v. Wake Forest University Health Sciences, 268 F.R.D. 264, 266 (M.D.N.C. 2010) (party who requests leave to amend after scheduling order deadline must meet two prerequisites: (1) show good cause why the court should not adhere to the scheduling order; and (2) demonstrate leave to amend is proper under Rule 15). If the party cannot demonstrate good cause under Rule 16(b), the Court need not consider whether the party has met the more liberal requirements to amend a pleading under Rule 15. Forstmann, 114 F.R.D. at 85-86 (finding the Plaintiff failed to demonstrate "good cause" for the court to abandon the dates set by the scheduling order and, therefore, denying the plaintiff's motion to amend).

To meet the requirements of Rule 16(b), the moving party "must demonstrate 'good cause'" why the timetable 'cannot reasonably be met *despite the diligence of the party* seeking the extension." Id. at 85 (emphasis in original). In concluding that the plaintiff had not met the requirements of "good cause," the court in Forstmann stated:

> Plaintiff has not advanced any reason why the causes of action presented in the proposed amended complaint could not have been brought in a timely fashion. Indeed, plaintiff admits that these proposed causes of action are "based on exactly the same facts as the prior complaint." The court thus denies plaintiff's motion to amend and supplemental motion to amend as untimely under the pretrial scheduling order.

Id. at 86 (footnote omitted). See also Halpern, 268 F.R.D. at 266 (under Forstmann, an allegation by the movant that the amendment is based upon the identical facts as the existing complaint establishes the *absence* of "good cause" within the meaning of Rule 16(b)).

6

The Plaintiffs concede that "[t]he proposed amendment does not add any allegations of conduct, transactions or occurrences to those previously alleged." (Motion to Amend ¶ 4). In this case, the Plaintiffs not only rely upon the identical facts and transactions as the existing Complaint, but the additional claims for relief also already specifically were pled in the pre-petition State Court Litigation. At the hearing on this matter, the Plaintiffs asserted "good cause" was present pursuant to Rule 16(b) because the Plaintiffs were awaiting the Court's ruling on whether it would liquidate the underlying claims in this case. This contention fails for at least two independently sufficient reasons. First, "good cause" under Rule 16(b) requires that the party seeking relief act with reasonable diligence. Forstmann, 114 F.R.D. at 85 (quoting Rule 16). The Court ruled in August of 2014 that it was going to liquidate any claims asserted to be non-dischargeable in this case and specifically advised the parties not to wait on the entry of the opinion further explaining that ruling but to proceed with this complex litigation. No explanation was given why the proposed amendments could not have been filed with reasonable diligence until nine months after the Court made clear that it would determine any underlying claims and at a time after the close of discovery.[2] Second, "the mere fact that a plaintiff chooses to wait until a court rules on the causes of action stated in the initial complaint before articulating additional causes of action, under the guise of 'changed circumstances,' is clearly not the 'good cause' contemplated by Rule 16(b). Indeed, it is this type of 'wait and see' position that Rule 16(b) seeks to prevent." Id. at 86 n.1. Having cited no other basis for good cause to depart from the deadlines in the Scheduling Order, the Plaintiffs' motion should be denied.

---

[2] The expiration of the discovery period is further indication that the Motion to Amend was not diligently pursued. For the reasons set forth above, the Court does not need to determine whether the expiration of the discovery period also would have amounted to the type of prejudice that would permit the Court in its discretion to deny the Motion to Amend under Rule 15. Under Rule 16(b), "even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." DeWitt v. Hutchins, 309 F.Supp.2d 743, 748 (M.D.N.C. 2004) (citing, inter alia, Forstmann).

NOW, THEREFORE, the Motion to Amend is DENIED.[3]

[END OF DOCUMENT]

---

[3] In response to the Motion to Amend, the Defendant filed a motion to extend the time under the Scheduling Order to file dispositive motions in order to conduct further discovery and/or to address in his dispositive motion any claims that the Court permitted to be added [Doc. # 52] (the "Motion to Extend Dispositive Motion Deadline"). Plaintiffs have filed an Objection to Motion, Doc. # 54, objecting to an extension of that deadline solely for the benefit of the Defendant, but the Plaintiffs have stated that they consent to an extension of the dispositive motion deadline for both parties. Due to the Objection by the Plaintiffs, the Court will conduct a hearing on the Motion to Extend Dispositive Deadline on July 1, 2015. Notice of Tentative Hearing [Doc. # 54]. At the previous hearing on the Motion to Amend, counsel for the Defendants represented to the Court that he was prepared to file his dispositive motion with respect to the claims asserted in the existing Complaint. The Court advises each party to act with diligence pending the hearing on the motion. Nothing in this Order should be construed as dissuading the parties from attempting to reach a consensual resolution to the pending motion.